# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FLOORCOVERINGS INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL GRECO, <br><br> Defendant. | CIVIL ACTION FILE NO.: _____ |

## COMPLAINT

The Plaintiff, Floorcoverings International, LTD., sues Defendant Michael Greco, and alleges as follows:

## INTRODUCTION

1. Floorcoverings International, LTD. ("FCI") brings this action against its former franchisee Michael Greco ("Greco") to collect amounts due pursuant to a promissory note (the "Note") and for unpaid future royalties owed to FCI by Greco. Greco has failed to pay $78,983 due under the Note and $88,000 in unpaid future royalties, for a total due to FCI in the amount of $166,983.

## PARTIES

2. FCI is a Georgia corporation with its principal place of business located in Gwinnett County, Georgia, located at 5390 Triangle Parkway, Suite 125, Peachtree Corners, Georgia 30092 ("FCI's Headquarters").

3. Greco is an individual and resident of Honolulu, Hawaii and may be served with summons and process at 377 Keahole Street, Suite E203, Honolulu, Hawaii, 96825.

4. At all times referred to herein, FCI has engaged in business as the national franchisor of Floorcoverings International franchises, which offer soft and hard flooring products and window treatments to certain customers. As of December 31, 2019, there were 169 Floorcoverings International franchisees operating in 40 states and Canada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1332(a) in that the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. Venue for this action is predicated upon 28 U.S.C. §1391(b) as FCI resides and does business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

7. Jurisdiction and venue are proper in this judicial district pursuant to the mandatory forum and venue selection clause contained at Article XII(D) of the parties' Franchise Agreement (defined below).

8. Additionally, Greco attended a training session at FCI's Headquarters.

9. Greco received valuable and continuing services emanating from FCI's Headquarters, including, but not limited to, training, assistance, and support throughout his relationship with FCI.

10. Greco routinely interacted, corresponded, and communicated with individuals at FCI's Headquarters over the course of his relationship with FCI.

11. Greco conducted weekly communications with FCI employees at FCI's Headquarters.

12. Greco received daily, weekly, and monthly reporting from FCI's Headquarters.

13. Greco paid franchise fees directly to the FCI Headquarters throughout his relationship with FCI.

14. For those reasons, Greco is subject to personal jurisdiction in Georgia pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, Sections 1-3.

## BACKGROUND

### The Floor Coverings International System

15. FCI is the international franchisor of Floor Coverings International businesses (each, a "Franchised Business") and has offered franchises in the mobile retail floorcovering and window blind business since February 1998.

16. FCI owns the mark "Floor Coverings International," which was registered on June 19, 2001, on the Principal Register of the United States Patent and Trademark Office ("USPTO") at Registration No. 2,461,349. FCI also owns the marks "Floor Coverings International/The Flooring Store at Your Door" and "FCI" which are registered on the USPTO's Principal Register of Trademarks at Nos. 2,635,911 and 2,449,016 respectively (collectively, the "Marks").

17. FCI franchisees are licensed to use the Marks to operate under FCI's business system pursuant to the terms and conditions of a FCI franchise agreement.

18. FCI franchisees are also licensed to use FCI's proprietary business system, policies, procedures and standards and specifications, all of which are disclosed to FCI franchisees in confidence.

### The Franchise Agreement

19. On December 19, 2012, FCI and Greco entered into a franchise agreement (the "Franchise Agreement") pursuant to which Greco was granted the

right and undertook the obligation to operate a "Floor Coverings International" franchise (the "Franchised Business") in certain zip codes in and around Honolulu, Hawaii (the "Territory"). A true and correct copy of the Franchise Agreement is attached as **Exhibit "A"**.

20. Pursuant to Article II of the Franchise Agreement, the term of the Franchise Agreement was ten years.

21. Pursuant to Article III(B)(1), Greco was required to pay a continuing royalty fee in an amount equal to five percent of Gross Sales (as defined in the Franchise Agreement) or a minimum of $750 per month in his first 12 months of operation or $2,000 per month for each month thereafter, whichever is greater the "Continuing Royalty").

22. Pursuant to Article III(E) of the Franchise Agreement, Greco agreed to pay FCI interest at the rate of 1.5 percent per month or the maximum rate allowed by law, whichever is less, on all pay due amounts due to FCI under the Franchise Agreement.

Greco's Defaults and the Note

23. Greco ceased making payments due to FCI under the Franchise Agreement after April 30, 2019, and through April 30, 2019, Greco owed FCI $78,983.

24. Greco did not dispute that he owed FCI $78,983.

25. As a result, on December 11, 2019, Greco executed the Note in the amount of $78,983. A true and correct copy of the Note is attached as **Exhibit "B"**.

26. Pursuant to the Note, Greco was scheduled to make regular monthly payments.

27. Greco, however, has not made any payments on the Note.

28. In addition, Greco has not paid the minimum Continuing Royalty since May 2019.

29. Furthermore, Greco has abandoned the Franchised Business.

## COUNT I
## BREACH OF CONTRACT – THE NOTE

30. FCI incorporates by reference the averments set forth above as though the same were set forth at length herein.

31. FCI has performed all of its obligations under the Franchise Agreement.

32. Pursuant to the Note, Greco agreed to make regular monthly payments on the total amount of $78,983.

33. Greco has breached the Note by not making a single payment.

34. As a direct and proximate result of Greco's breach of the Note, FCI has been damaged in the amount of $78,983.

## COUNT II
## BREACH OF CONTRACT – FUTURE ROYALTIES

35. FCI incorporates by reference the averments set forth above as though the same were set forth at length herein.

36. At all times referred to herein, FCI was in compliance with the Franchise Agreement and had fulfilled its obligations pursuant to the terms and conditions thereof.

37. Greco abandoned the Franchised Business in May 2019.

38. At the time Greco abandoned the Franchised Business, there remained forty-four (44) months left on the term of the Franchise Agreement.

39. At the time Greco abandoned the Franchised Business, the required minimum monthly royalty payment was $2,000.00 per month.

40. As a direct and proximate result of Greco's breach of the Franchise Agreement, FCI has been damaged in the amount of $88,000, which represents the future monthly royalty payments due under the Franchise Agreement from the date he abandoned the Franchised Business through the remainder of the term of the Franchise Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Floorcoverings International, LTD. demands:

(a)   Judgement against the Defendants in the amount of $166,983 exemplary damages, plus interest, costs, and attorneys' fees;

(b)   Attorneys' fees and costs, including as allowed under O.C.G.A. § 13-6-11 as a result of Defendants' conduct, including, but not limited to, Defendants' bad faith, stubborn litigiousness, and having put FCI through unnecessary trouble and expense, and as allowed under any other applicable legal principles or provisions of law or contract; and

(c)   Such other relief as this Court deems just.

Respectfully submitted this 18th day of March 2021.

*/s/ Lauren E. Hogan*
Lauren E. Hogan (GA Bar No. 673482)
J.A. Schneider (GA Bar No. 141437)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile:  404-541-2905
*lauren.hogan@thompsonhine.com*
*ja.schneider@thompsonhine.com*

*Attorneys for Floorcoverings International, LTD.*